# SUPREME COURT

## VERMEULE agt. BECK and wife.

### SMITH agt. SAME.

It is not necessary that various causes of action in one complaint should affect all the parties *equally*. It is enough that they affect all, though in unequal degrees. That is the case wherever there are various incumbrances in a foreclosure suit, or persons having diverse interests as the owner of the fee, and dowress or lessees, &c.

In this case it was *held*, on demurrer to the complaint, that considering the statements in the complaint to be true, the plaintiff had one cause of action against the defendants, and that was a right to a lien on the lands, first, for the value of the plaintiff's share of the estate, or $850; and secondly, for $1,000 loaned by her to defendant Beck: or if the two liens were to be deemed within § 167 of the Code several causes of action, they both might be considered on contract, or both as injuries to property, or clearly, both as on transactions connected with the *same subject*, viz: the land. The plaintiff relying on fraud as the basis of her relief as to both transactions.

*New - York Special Term, January,* 1858.
THE defendants demur to the complaint.

CLARENCE A. SEWARD, *for defendants.*
GEORGE C. GENET, *for plaintiff.*

MITCHELL, Justice.    Assuming the statements in the complaint to be correct, then the following matters are true.

The plaintiff and Mrs. Beck, the defendant, are sister and brother, and with other like relatives inherited an estate worth $6,000 over and above all incumbrances.    Some of the heirs commenced a partition suit, and made this plaintiff and these defendants parties defendant.    Mr. Beck represented to this plaintiff that the estate was not sufficient to pay more than the costs and debts, and that the other heirs had conveyed the lands to him without any consideration, whereas they had each paid him $850, and he knew the share of each was worth this amount.    In consequence of this fraud, this plaintiff conveyed her share to Mr. Beck without consideration, and the deed was recorded 12th June, 1852.    The plaintiff soon afterwards discovered that the representations were untrue, and demanded a reconveyance of the property, when it was mutually agreed that Mr. Beck should retain the deed and pay the $850 to the plaintiff.    In June, 1852, the plaintiff lent to Mr. Beck $1,000, and took a mortgage on those premises for that amount.    At his request, she afterwards executed a satisfaction piece of the mortgage, she not understanding its effect, and he representing to her that it would not in any way affect her interest on the land.    Beck and wife afterwards conveyed the land to a brother of the wife for one dollar, and he conveyed back to the wife on the same day : these conveyances being made to defraud the plaintiff.

If all these statements are true, the plaintiff has one cause of action against the defendants, and that is a right to a lien on the lands, first : for the value of the plaintiff's share of the estate or $850, and secondly, for the $1,000 loaned by her to

Mrs. Beck; or if the two liens are to be deemed within section 167 of the Code, several causes of action, they both may be considered as on contract, or both as injuries to property, or clearly both as on transactions connected with the *same subject*, viz: the land. (*Subd.* 1 *of sec.* 167.) They are also both on contract; for the mortgage is on contract and so is the agreement to pay $850 for the land. They are both for injuries to the plaintiff's property, as they both are based also on the fraud by which the deed was obtained in the one case, and the mortgage was cancelled in the other. The remedy for those frauds is, that the deed and the mortgage should be re-established, or that the land should be declared subject to the payment of the value of the plaintiff's share in the land, and of the loan of $1,000: and, therefore, Beck's wife, who claims an interest in the land, is a necessary party.

The plaintiff may rely on fraud as the basis of her relief, in both cases; then the agreement to pay the $850 after the first fraud was detected, is but part of that one transaction, and does not merge the cause of action founded on the first fraud, as it is not an executed agreement, until it is performed. Beck cannot set it up as a bar to the first cause of action.

It is not necessary that various causes of action in one complaint should affect all the parties *equally*, it is enough that they affect all, though in unequal degrees. That is the case wherever there are various incumbrances in a foreclosure suit, or persons having diverse interests as the owner of the fee, and dowress, or lessees, &c.

The demurrer should be overruled with costs of the argument. The defendants may, when the order is settled, elect to answer on payment of costs.